**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WELLS FARGO BANK N.A.,** *et al.*, | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-4970** |
| | : | |
| **VERNON WILLIAMS,** *et al.*, | : | |
| **Defendants** | : | |

**MEMORANDUM**

**MCHUGH, J.**                                                    **OCTOBER 31, 2025**

Currently before the Court are a *pro se* Notice of Removal (ECF No. 2) filed by

Defendants Judith and Vernon Williams, a Motion to Remand and for Attorneys' Fees filed by

Plaintiffs National Association and Wells Fargo Bank N.A. (collectively, 'Wells Fargo") (ECF

No. 5), and the Defendants' Response in Opposition to the Plaintiffs' Motion (ECF No. 7).[1]  For

the following reasons, the Court will grant Plaintiffs' Motion in part, deny the Motion in part,

and remand this matter to the Philadelphia Court of Common Pleas.

**I.      FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[2]

The Williamses seek to remove their mortgage foreclosure action to this Court from the

Philadelphia Court of Common Pleas.  *See Wells Fargo Bank NA v. Williams*, No. 250701936

(C.P. Phila).  A copy of the state court Complaint filed by Wells Fargo is attached to the Notice

of Removal.  (*See* ECF No. 2 at 37-42.)  Wells Fargo commenced that action on July 17, 2025, to

---

[1] The Court granted the removing Defendants leave to proceed *in forma pauperis* in a prior
Order.  (ECF No. 6.)

[2] The facts set forth in this Memorandum are taken from the Defendants' Notice of Removal and
the attachments thereto.  The Court adopts the pagination assigned by the CM/ECF docketing
system.  Additionally, the Court takes judicial notice of and includes facts reflected in publicly
available court records.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

foreclose on the Williamses property due to an alleged delinquency of their mortgage payments. *See Wells Fargo*, No. 250701936.  The Williamses filed an Answer to the Complaint on August 19, 2025.  *See id.*  The Williamses then filed their Notice of Removal in this Court on August 26, 2025, and notified the state court on September 9, 2025.  *See id.*

The Williamses assert that their state-court case is removable on the basis of Wells Fargo's "refusal to honor a bill of exchange and note securities presented for the payment of an alleged debt," which they believe to implicate numerous provisions of federal constitutional and statutory law.  (ECF No. 2 at 7 (emphasis omitted); *see also id.* at 7-11.)  Wells Fargo filed a Motion to Remand and for Attorney's Fees, stating that this is the third time that the Williamses have attempted to remove a mortgage foreclosure action relating to the same property and that this Court remanded the prior two attempts.  (*See* ECF No. 5-1 at 4 to 6 (citing *Wells Fargo Bank, N.A. v. Williams*, E.D. Pa. Nos. 14-0090 & 23-04889).)  Wells Fargo asks the Court to remand this case to the Philadelphia Court of Common Pleas and order the Williamses to pay its attorneys' fees and costs.  (*See id.* at 7-11.)  The Court granted the Williamses leave to proceed *in forma pauperis* and afforded them an opportunity to respond to Wells Fargo's Motion, which they did.  (*See* ECF Nos. 6, 7.)  The Court has also taken the parties' subsequent filings under consideration.  (*See* ECF Nos. 9-11.)

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1441(a), a defendant "may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'"  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)).  "In order for a case to be removable under § 1441 and § 1331, the well-pleaded complaint rule requires the federal question be presented on the face of

the plaintiff's properly pleaded complaint." *Krashna v. Oliver Realty, Inc.*, 895 F.2d 111, 113 (3d Cir. 1990) (quotations omitted).  Accordingly, the existence of federal defenses to a complaint generally does not support removal under § 1441 and § 1331.  *See Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004).

Where jurisdiction is premised on diversity of citizenship, removal is improper if it violates the "forum defendant rule."  That rule provides, "[a] civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  "Because removal by a forum defendant in noncompliance with section 1441(b) does not deprive a federal court of subject matter jurisdiction, it is clear under section 1447(c) that this irregularity must be the subject of a motion to remand within 30 days after filing the notice of removal."  *Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp.,* 66 F.3d 46, 50-51 (3d Cir. 1995) (citation omitted).

Pursuant to § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  "The party asserting jurisdiction bears the burden of showing the action is properly before the federal court." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005).  "The statute governing removal, 28 U.S.C. § 1441, must be strictly construed against removal."  *Id.*

## III.    DISCUSSION

The Williamses assert that this Court has subject-matter jurisdiction based on both federal question and diversity jurisdiction.  (*See generally* ECF No. 2 at 7-20.)  Wells Fargo asserts that federal question jurisdiction does not exist, the case was improperly removed in violation of the

forum defendant rule, and that the notice of removal was procedurally defective.  (ECF No. 5-1 at 6 to 9.)  For the following reasons, this case must be remanded to state court.

In removal cases, the existence of federal question jurisdiction under 28 U.S.C. § 1331 is determined under the well pleaded complaint rule, which provides that federal question jurisdiction is established when the face of a properly pleaded complaint asserts a federal question.  *See Krashna*, 895 F.2d at 113.  Here, Wells Fargo's state court Complaint asserts only an action in mortgage foreclosure, which is entirely a state court claim.  *See, e.g.*, *Deutsche Bank Nat'l Tr. Co. v. Harding*, 655 F. App'x 113, 115 (3d Cir. 2016) ("Inasmuch as the complaint in this case is a straightforward state-law foreclosure complaint, it does not provide a basis for federal question jurisdiction and thus this action could not have originally been brought in federal court. Consequently, it was not removable under 28 U.S.C. § 1441(a).").  Though the Williamses assert that the state court action implicates various provisions of federal law, they offer only purported defenses to the underlying state action, and the law is clear that subject matter jurisdiction in removed actions cannot be based on defenses to a claim, but only on the claims asserted in the complaint itself.  *See Aetna Health*, 542 U.S. at 207; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." (citation omitted)).  Accordingly, federal question jurisdiction cannot provide a basis for removal of this case to federal court.

The Williamses also purport to remove this action based on diversity of citizenship, alleging that they are citizens of Pennsylvania and Wells Fargo is a citizen of South Dakota. (*See* ECF No. 2 at 1.)  Given their acknowledgement of their Pennsylvania citizenship, removal

is improper under the "forum defendant rule," which provides "[a] civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. 1441(b)(2). Since the Williamses are citizens of Pennsylvania, the forum defendant rule dictates that they may not remove this case to a federal court in Pennsylvania.[3]

Furthermore, Wells Fargo correctly notes that the Williamses have been instructed twice before that their attempts at removal fail to raise any federal question based and violate the forum defendant rule. *See* E.D. Pa. No. 14-0090 at Dkt. No. 6; No. 23-4889 at Dkt. No. 10 (attached to Wells Fargo's Motion at ECF Nos. 5-7, 5-9). Wells Fargo accordingly seeks an award of attorneys' fees and costs "because Defendants have absolutely no basis for removing this action and did so solely as a mechanism [to] further delay, increase costs, and waste the time [and] resources of Wells Fargo and this Court." (ECF No. 5-1 at 9 (citing 28 U.S.C. § 1447(c).)

The Court will deny Wells Fargo's motion in this respect because monetary sanctions are generally inappropriate when a party is proceeding *in forma pauperis*. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3rd Cir. 2002) (noting, in the context of dismissal for failure to prosecute, that where plaintiff proceeded *in forma pauperis*, an assessment of attorneys' fees in

---

[3] The Williamses assert that Wells Fargo's "citizenship is tied to its role as a Federal Reserve instrumentality, [so] the traditional application of the forum defendant rule might be re-evaluated in this context." (ECF No. 7 at 6.) They cite *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018), for the proposition that: "Courts have permitted removal where federal statutory rights are central to the dispute despite state residency." (ECF No. 7 at 6.) That proposition is a fundamental misunderstanding of a case concerning the application of the forum defendant rule when the relevant defendant had not been "properly joined and served," and the merits of which turned entirely on state and not federal law, so their citation is inapposite here. *See Encompass*, 902 F.3d at 152-53, 155-56 (citing, *inter alia*, 28 U.S.C. § 1441(b)(2)). The Williamses cite no other authority for their argument. The Court therefore declines their invitation to "re-evaluate[]" the forum defendant rule.

favor of defendant was not an "effective" sanction).  However, the Court notes that *in forma pauperis* status is not necessarily "a bar to an award of attorneys fees for defending against specious claims." *Roche v. Adkins*, 998 F.2d 1016 (7th Cir. 1993) (unpublished table decision), 1993 WL 262009, at *1 (collecting cases in which plaintiffs proceeding *in forma pauperis* faced monetary sanctions); *see also Farmer v. Marshall*, 815 F.2d 703 (6th Cir. 1987) (unpublished table decision), 1987 WL 36838, at *1 ("Although it is an extreme measure to be employed only under exceptional circumstances, the award of attorneys' fees against a *pro se* plaintiff in a civil rights action filed *in forma pauperis* is not wholly unauthorized.").

The Williamses are hereby ***cautioned*** and placed on ***notice*** that filing additional cases or taking other action seeking to have this Court intervene in state-court foreclosure proceedings or seeking to remove a case over which this Court cannot exercise jurisdiction may very well result in an award of attorneys' fees, notwithstanding the general presumption against such awards. And it will likely result in the issuance of a prefiling injunction narrowly tailored to prevent the continuation of this vexatious litigation conduct, or other appropriate sanction.  In baseball terms, this is their third strike.

## III.    CONCLUSION

For the foregoing reasons, the Court will grant Wells Fargo's Motion to the extent it seeks to remand this case and deny the Motion to the extent it seeks attorneys' fees.  The case will be remanded to the Court of Common Pleas of Philadelphia County for further proceedings. An appropriate Order accompanies this Memorandum.

BY THE COURT:

/s/ Gerald Austin McHugh
**GERALD A. MCHUGH, J.**